JAMES D. BLACKBURN, Respondent, v PETER DEL PRINCE, Defendant, and ALLAN LENT, Appellant. [827 NYS2d 388]—

Appeal from an order of the Supreme Court, Monroe County

(Harold L. Galloway, J.), entered April 5, 2006. The order granted plaintiff's motion for summary judgment against defendant Allan Lent and denied the cross motion of defendant Allan Lent for summary judgment dismissing the complaint against him and for leave to serve an amended answer.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the cross motion is granted in part and the complaint is dismissed.

Memorandum: Plaintiff and defendants, Peter Del Prince and Allan Lent, entered into an agreement pursuant to which plaintiff would loan a sum of money to Del Prince and Lent, acting on behalf of a proposed company. Plaintiff, without Lent's knowledge, subsequently issued a check payable only to the order of Del Prince. The proposed company was never formed and Del Prince allegedly retained the funds received from plaintiff. Plaintiff commenced the instant action alleging breach of contract and moved for summary judgment against Lent on the ground that Lent is jointly and severally liable for repayment of the loan under the guarantee provision of the parties' agreement. Lent cross-moved for, inter alia, summary judgment dismissing the complaint against him. We conclude that Supreme Court erred in granting plaintiff's motion and in denying that part of Lent's cross motion for summary judgment.

The terms of the agreement are unambiguous; pursuant to the agreement, plaintiff was required to loan the funds to both defendants acting on behalf of the proposed company (see generally Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002]). Inasmuch as plaintiff failed to comply with the terms of the agreement, we conclude that plaintiff failed to establish his entitlement to judgment, and we further conclude that Lent established his entitlement to judgment and plaintiff failed to raise an issue of fact sufficient to defeat the cross motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore grant that part of the cross motion seeking summary judgment dismissing the complaint against Lent. Present—Scudder, P.J., Hurlbutt, Gorski and Pine, JJ.